UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/20/07
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YNGWIE MALMSTEEN,                              :        05 Civ. 958 (RJH)
                                               :
                      Plaintiff,               :
                                               :
                                               :   **MEMORANDUM OPINION**
               -against-                       :      **AND ORDER**
                                               :
BERDON, LLP, et al.                            :
                                               :
                      Defendants.              :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In this diversity action, plaintiff Yngwie Malmsteen, a professional musician, sues

his former manager, James Lewis, and his company, James Lewis Entertainment, and his

former financial manager and accountant, Michael Mitnick, and his firm, Berdon, LLP,

for actions they took while in his employ. Plaintiff's Amended Complaint alleges fraud

and deceit, unlawful appropriation, breach of fiduciary duty, unjust enrichment, and

breach of contract, and seeks monetary damages, an accounting, and the imposition of a

constructive trust. Defendants Michael Mitnick and Berdon, LLP (collectively,

"Mitnick") move for summary judgment pursuant to Rule 56 of the Federal Rules of

Civil Procedure on the grounds that all of plaintiff's claims against them are barred by the

applicable statutes of limitations or otherwise defective. For the reasons discussed below,

Mitnick's motion [14] is granted in part and denied in part.

## BACKGROUND

Plaintiff is a professional composer and guitarist with an international following.

(Am. Compl. ¶ 1.) After the death of his previous manager in 1993, plaintiff hired James

Lewis, who operated his management services through his company, James Lewis

Entertainment. (Malmsteen Tr. 5-6; Am. Compl. ¶¶ 4, 5.) Both James Lewis and James Lewis Entertainment are defendants in this matter, but not parties to this motion. Early in 1994, at the suggestion of Lewis, plaintiff hired Michael Mitnick, then working for another firm, to act as his "accountant[] and financial business manager[]." (Kelly Decl. Ex. 5.) Roughly a year later, Mitnick moved to the firm of David Berdon & Co., now known as Berdon, LLP. (Mitnick Tr. 6.) Mitnick performed traditional accounting services, such as the filing of tax returns, but also collected, accounted for, and disbursed plaintiff's income. (Malmsteen Tr. 17–18; Mitnick Tr. 14.)

Shortly after Mitnick began working for plaintiff, he suggested that plaintiff create a separate legal entity for his touring activities, later named Malmsteen Touring, Inc., to diminish his personal liability. (Am. Compl. ¶ 10.) Mitnick created the corporation and named himself as an officer and director. Mitnick and Lewis opened bank accounts in New York for plaintiff and Malmsteen Touring, into which Mitnick deposited any money received on plaintiff's behalf, and out of which he paid expenses, including his own fees. (*Id.* ¶ 13.) Plaintiff alleges that he had no knowledge of these accounts, despite knowing that Mitnick had created a corporation to receive his touring income and was collecting money on his behalf. (*Id.* ¶¶ 13–14.) When shown account documents purportedly bearing his signature, he claimed the signatures were forged. (Kelly Decl. Ex 6; Malmsteen Tr. 13–17.)

According to Mitnick, shortly after he had been hired by Malmsteen, Lewis began depositing royalty checks made out to Malmsteen directly into Lewis's personal account separate from the above-mentioned accounts maintained by Mitnick. (Mitnick Tr. 11– 12.) The Amended Complaint lists a number of these transactions beginning in January

2

1995 and continuing through January 2000. (Am. Compl. ¶ 16.) The evidence before the Court does not make clear for what purpose these transfers were made, or to what extent they were legitimate, but it appears that there may have been some financial justification and also that Lewis was paying some business expenses directly from his account. (Mitnick Tr. 39–40; Kelly Decl. Exs. 8, 9.) Beginning around 1997, when plaintiff's assets had shrunk to almost nothing, he began to ask questions of Mitnick concerning his financial situation. (Malmsteen Tr. 28–29, 31–32.) Eventually, in early 2000, plaintiff hired an external accountant to examine Mitnick's management of his money, and after the accountant found certain discrepancies, plaintiff terminated Mitnick along with Lewis. (*Id.* 34–40; Am. Compl. ¶ 20.)

In 2001, plaintiff filed a lawsuit in Florida against Lewis and his companies, alleging unlawful diversion of plaintiff's income into secret bank accounts. (*See* Kelly Decl. Ex. 10.) This case was eventually dismissed for failure to prosecute. (Kelly Decl. Ex. 11.) On January 28, 2005, plaintiff filed this lawsuit in the Southern District of New York. The Amended Complaint does not clearly differentiate between the roles of the several defendants in stating causes of action. However, the factual allegations suggest that only Lewis, and not Mitnick, actually stole any of plaintiff's money. Rather, the Amended Complaint alleges that Mitnick permitted Lewis to divert money into his personal accounts. In addition, plaintiff alleges that Mitnick paid himself "well in excess of what a reasonable fee would have been under a normal business relationship," supposedly as compensation for permitting Lewis to divert funds. (Am Compl. ¶ 15.)

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The moving party must demonstrate that no genuine issue of fact exists for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331 (1986). If successful, the nonmoving party must then produce specific facts showing a genuine issue of material fact. *Samuels v. Mockry,* 77 F.3d 34, 36 (2d Cir. 1996). "It is quite common for summary-judgment motions to be made asserting the defense[] of statute of limitations," as it lends itself "to the type of categorical proof required by Rule 56." 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2734 (3d ed. 1998).

## DISCUSSION

This action comes before the Court based on diversity jurisdiction, and therefore the Court is required to apply the substantive law of the state in which it sits, New York in this case. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). Neither party disputes that New York law provides the relevant statute of limitations. Under New York law, the Court looks "to the essence of plaintiff's claim and not to the form in which it is pleaded." *State v. Cortelle Corp.,* 341 N.E.2d 223, 224 (N.Y. 1975) (citing *Brick v. Cohn-Hall-Marx Co.,* 11 N.E.2d 902, 904 (N.Y. 1937)); *accord Wilson v. Bristol-Myers*

4

*Co.*, 403 N.Y.S.2d 251, 252 (N.Y. App. Div. 1978) ("The test of a cause of action, for

Statute of Limitations purposes, is its gravamen not the form in which it is pleaded.").

## 1.    Plaintiff's Claims Do Not Sound in Malpractice

Defendants argue that the claims are, in essence, for accounting malpractice.

Accounting malpractice is subject to a three-year statute of limitations, "whether the

underlying theory is based in contract or tort." N.Y. C.P.L.R. § 214(6). The governing

statutory provision was amended in 1996 to "rewrite a judicial interpretation of the

nonmedical Statute of Limitations" that was allowing malpractice claims based on breach

of contract (even implied terms) to be brought within six years. *See Brothers v. Florence*,

739 N.E.2d 733, 737 (N.Y. 2000). Consistent with a legislative desire to prevent clever

pleading to avoid a shorter statute of limitations, New York courts have, since the 1996

amendments, applied the three-year statute of limitations to bar any claims that they

found duplicative or incidental to a claim of malpractice. *See Kliment v. McKinsey &*

*Co.*, 821 N.E.2d 952, 954 (N.Y. 2004) (applying three-year statute of limitations where

breach of contract claim was "essentially a malpractice claim"); *Spinale v. Tenzer*

*Greenblatt, LP*, 765 N.Y.S.2d 786, 786 (N.Y. App. Div. 2003) (unjust enrichment cause

of action "based on the same allegations as [plaintiffs'] causes for legal malpractice" and

is thus "governed by three-year limitations period"); *Mecca v. Shang*, 685 N.Y.S.2d 458,

460 (N.Y. App. Div. 1999) (dismissing breach of fiduciary duty and fraud claims where

they "arise from the same facts as [plaintiff's] legal malpractice claim and do not allege

distinct damages."). If defendants are correct that plaintiff's claims all arise from

malpractice, then these claims are subject to a three-year limitations period. Because

5

plaintiff's claims all arose, at the latest, by early 2000, they would be subject to dismissal as untimely.

Plaintiff contends instead that his relationship with Mitnick gave rise to a fiduciary duty on which his claims are based, rather than any lack of skill in performing traditional accounting tasks. Therefore, plaintiff continues, the causes of action should stand on their own and are not pled to avoid the three-year limitations period for malpractice claims. The parties focus on Mitnick's job title: defendants argue that Mitnick was an accountant, and thus owes no fiduciary duty to plaintiff, *Vtech Holdings Ltd. v. Pricewaterhouse Coopers LLP*, 348 F. Supp. 2d 255, 268 (S.D.N.Y. 2004) ("In New York, the accountant-client relationship does not generally give rise to a fiduciary relationship absent special circumstances."); plaintiff argues that Mitnick was his business manager and business managers owe a fiduciary duty to their clients, *ABKCO Music, Inc. v. Harrisongs Music Ltd.*, 722 F.2d 988, 994 (2d Cir. 1983) (finding relationship between artist and business manager to be "that of principal and agent, and that the relationship was fiduciary in nature."). However, it is the actual nature of the relationship between the parties giving rise to the causes of action, rather than semantics, that determines which party is correct. The fact that Mitnick is a certified public accountant is not dispositive. "While it is true that the '[c]ourts do not generally regard the accountant-client relationship as a fiduciary one,' where the allegations include knowledge and concealment of illegal acts and diversions of funds . . ., a [breach of fiduciary duty] cause of action against an accountant will be permitted to stand." *Nate B. & Frances Spingold Foundation v. Walling, Simon, Black & Co.*, 585 N.Y.S.2d 416, 417 (N.Y. App. Div. 1992) (quoting *Fund of Funds v. Andersen & Co.*, 545 F. Supp. 1314,

6

1356 (S.D.N.Y. 1982)). Thus, the Court must consider whether the claims sound in malpractice or arise from a fiduciary relationship.

Malpractice is defined in Black's Law Dictionary as "an instance of negligence or incompetence on the part of a professional." Black's Law Dictionary 971 (7th ed. 1999). Plaintiff's claims against Mitnick are not based on any lack of skill in performing traditional accounting tasks, such as providing bookkeeping services, preparing tax returns, and reconciling bank accounts. Rather, most claims are based on an alleged duty that Mitnick owed plaintiff to alert him to any inappropriate transfers of his income; such duty arose, if at all, from Mitnick's position of trust and his alleged agreement to act on behalf of plaintiff in all financial matters. A New York court described a fiduciary relationship as one "which results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act. It is a relationship whereby one retains a degree of direction and control over another." *Meese v. Miller*, 436 N.Y.S.2d 496, 499 (N.Y. App. Div. 1981) (citations and internal quotation marks omitted). Looking at the facts in the light most favorable to the nonmoving party, defendants have not shown that the claims are in essence malpractice claims; at a minimum, there is a genuine issue of material fact as to the nature of Mitnick and plaintiff's relationship that precludes summary judgment based on the three-year limitations period for malpractice claims. Defendant argues, nevertheless, that each of plaintiff's claims are still time-barred in whole or in part, or otherwise defective. (Defs.' Reply Mem. 1.) The Court therefore turns to the claims themselves to determine which, if any, are time-barred or subject to dismissal on alternative grounds.

7

## 2.    Fraud and Deceit (Claim I)

Defendants move to dismiss plaintiff's fraud claim on two grounds: first, it is duplicative of a malpractice claim and thus time-barred by a three-year limitations period and second, plaintiff failed to plead the claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. As discussed above, plaintiff's claim of fraud is not subject to the malpractice limitations period. The statute of limitations for fraud is six years from the date the fraud occurred. N.Y. C.P.L.R. § 213(8); *Ghandour v. Shearson Lehman Bros., Inc.*, 624 N.Y.S.2d 390, 391 (N.Y. App. Div. 1995). However, a Court will not apply the six-year statute of limitations if the claim of fraud is merely incidental to another claim with a shorter limitations period. *See Powers Mercantile Corp. v. Feinberg*, 490 N.Y.S.2d 190, 192 (N.Y. App. Div. 1985). In analyzing whether the allegations of fraud are incidental, a Court must examine the viability of the fraud cause of action. *See Kaufman*, 760 N.Y.S.2d at 165.

"To state a cause of action for fraud [based on misrepresentation], a plaintiff must show an intentional misrepresentation of a material fact resulting in some injury." *Held v. Kaufman*, 694 N.E.2d 430, 433 (N.Y. 1998). A claim for fraud based on concealment, in addition to a showing of an intentional failure to disclose a material fact reasonably resulting in injury, requires plaintiff to demonstrate that defendant had a duty to disclose material information. *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d 33, 36 (N.Y. App. Div. 1996). Where a fiduciary relationship exists, "the mere failure to disclose facts which one is required to disclose may constitute actual fraud, provided the fiduciary possesses the requisite intent to deceive." *Whitney Holdings, Ltd. v. Givotovsky*, 988 F. Supp. 732, 748 (S.D.N.Y. 1997). Plaintiff's complaint, in stating the cause of action, only alleges

8

general "fraudulent conduct." (Am. Compl. ¶ 23.) Earlier in the Amended Complaint, however, plaintiff alleges that "defendants continually assured plaintiff that all of his money was being collected, accounted for and disbursed by them in their fiduciary capacity as necessary and appropriate." (*Id.* ¶ 12.) The complaint further states that "defendants wrongfully withheld complete information from plaintiff concerning their receipt and disbursement of plaintiff's money, and defendants willfully and fraudulently concealed their wrongdoing from plaintiff and prevented him from learning of the fraud." (*Id.* ¶ 18.) If adequately plead, these allegations would be sufficient to state a viable cause of action for fraud, and such a cause of action is subject to a six-year limitations period. Thus, the claim to recover for fraudulently concealed conveyances to Lewis occurring on or after January 28, 1999 would be timely.[1]

However, the allegations in the complaint must also comply with the heightened pleading standards of Rule 9(b), which requires averments of fraud to be "stated with particularity." *See* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 (3d ed. 2004) ("Rule 9(b) is a special pleading requirement, . . .

---

[1] Plaintiff further argues that he is entitled to equitable tolling of his claims, such that he can recover for fraud occurring over six years before the complaint was filed, during his entire relationship with defendants. *See Meridien Int'l Bank v. Liberia*, 23 F. Supp. 2d 439, 446 (S.D.N.Y. 1998) (plaintiff benefits from equitable tolling where "some action on the [defendant's] part made it such that the [plaintiff was] unaware that the cause of action existed."). Plaintiff is mistaken that he can benefit from equitable tolling on his fraud claim. "The Statute of Limitations for actual fraud is six years from the commission of the fraud or two years from the time of discovery." *Mechanical Plastics Corp. v. Rawlplug Co.*, 501 N.Y.S.2d 85, 88 (N.Y. App. Div. 1986) (citing N.Y. C.P.L.R. §§ 213(8), 203(f)); *Dull v. South New Berlin Valley Supply, Inc.*, 438 N.Y.S.2d 25, 26 (N.Y. App. Div. 1981); *Glynwill Invs., N.V. v. Prudential Sec., Inc.*, No. 92 Civ. 9267 (CSH), 1995 U.S. Dist. LEXIS 8262, 1995 WL 362500, at *4 (S.D.N.Y. June 16, 2005) ("applicability of [the equitable tolling] doctrine cannot extend the limitations period beyond the two years prescribed by the statute" (*citing Riis v. Mfrs. Hanover Trust Co.*, 632 F. Supp. 1098, 1105 (S.D.N.Y. 1986))). Plaintiff concedes that he had knowledge of the facts giving rise to his fraud claims by April 2000, well more than two years before the filing of this complaint. (Pl.'s Opp'n Br. 5–10.) Therefore, the doctrine of equitable tolling does not allow him in this case to assert claims more than six years past the date of the fraud. However, the Court declines to decide whether it should treat the alleged fraudulent acts as a single continuous fraudulent scheme, in which case the limitations period for the entire scheme (from 1995 to 2000) would only begin to accrue on the date of the final fraudulently concealed conveyance. The parties have not properly briefed this question.

9

[which] govern[s] in all civil actions, including all suits in which subject matter jurisdiction is based on diversity of citizenship [and] . . . the law of the state in which the district court sits will control the content of the elements of a fraud claim."). This heightened pleading requirement is designed to further three goals: "(1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *DiVittorio v. Equidyne Extractive Indus. Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

For affirmative misrepresentations, the Second Circuit has held this rule to require allegations that "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993). Where there are multiple defendants, the plaintiff must plead fraud with particularity as to each defendant who allegedly made misrepresentations. *See DiVittorio*, 822 F.2d at 1247; *In re Livent, Inc. Sec. Litig.*, 78 F. Supp. 2d 194, 213 (S.D.N.Y. 1999) ("[Fraud] claim may not rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be appraised of the circumstances surrounding the fraudulent conduct with which he individually stands charged."). Plaintiff's bare allegation that "defendants continually assured plaintiff that all of his money was being collected, accounted for and disbursed" appropriately neither describes any specific statements, states when or where such statements were made, nor identifies which of the several defendants made the allegedly fraudulent statements. As such, it

10

fails to meet the pleading standards of Rule 9(b). However, it is usual when dismissing a claim based on a lack of sufficient particularity under Rule 9(b) to allow plaintiff to amend the deficient pleading. *See* 5A Wright § 1300; *Koehler v. Bank of Bermuda (New York), Ltd.*, 209 F.3d 130, 138 (2d Cir. 2000) ("Leave to amend should be freely granted, especially when dismissal is based on Rule 9(b)."). The Court grants plaintiff leave to amend his allegations of affirmative misrepresentations, to the extent he is able to do so, so as to comply with the Rule 9(b) specificity requirements as set out herein.

In the case of fraudulent concealment, Rule 9(b) requires the plaintiff specify in its pleadings "(1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud." *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000). Plaintiff alleges that Mitnick failed to inform him that money was being diverted and that Mitnick concealed the diversions in return for being allowed to pay himself as he pleased. However, plaintiff has failed to allege the context of the omissions and the manner in which they misled him. *See Adler v. Berg Harmon Assoc.*, 816 F.Supp. 919, 924 (S.D.N.Y.1993) (dismissing complaint where it "failed to allege the substance and circumstances of the omission with sufficient particularity to give defendants fair notice of the claim"). To do so, plaintiff must specifically identify statements made to him by Mitnick that failed to mention the diversions to Lewis's account, that misled him, and upon which he relied. *See Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 101 (S.D.N.Y.1997); *Gould v. Berk & Michaels, P.C.*, No. 89 Civ. 5036 (SWK), 1991 U.S. Dist. LEXIS 10454, 1991 WL 152613, at *3 (S.D.N.Y. July 29, 1991). At this stage, the

11

Court finds these allegations to be insufficient to satisfy the pleading requirements of

Rule 9(b). However, as above, the Court grants plaintiff leave to amend its allegations of

fraud based on concealment, to the extent he is able to do so, so as to comply with the

Rule 9(b) specificity requirements as set out herein.

## 3. Unlawful Appropriation (Claim II)

The next claim asserted by plaintiff is for "unlawful appropriation." As with

fraud, plaintiff fails to distinguish between the actions of the defendants. The Amended

Complaint contains no allegations that Mitnick appropriated plaintiff's assets, for

example by transferring money directly to his own accounts. The only allegation against

Mitnick is that he paid himself excessive fees, which is not properly characterized as an

unlawful appropriation. Even if it were, such a claim would be time-barred. While

plaintiff names this claim "unlawful appropriation" and thus argues that it falls under

New York's residual limitations period provision, the Court must "look to the essence of

plaintiff's claim, not the label he chooses to tag onto it." *Korry v. Int'l Tel. & Tel. Corp.*,

444 F. Supp. 193, 195 (S.D.N.Y. 1978) ("Any other rule would allow a plaintiff to evade

the strictures of limitations statutes simply by clever characterization of claims.").

Unlawful appropriation is merely a renamed claim for conversion and is thus governed

by the three-year statute of limitations applicable to injury to property. *See* N.Y.

C.P.L.R. § 214(4); *Gold Sun Shipping v Ionian Transp.*, 666 N.Y.S.2d 677, 678 (N.Y.

App. Div. 1997). Therefore, to the extent plaintiff has any valid claims for unlawful

appropriation against Mitnick, they are time-barred.

## 4.    **Breach of Contract (Claim VI)**

The statute of limitations for a cause of action based on a breach of contract is six

years from the date of the breach.  N.Y. C.P.L.R. § 213(2) ("action upon a contractual

obligation or liability, express or implied" governed by six-year limitations period); *Ely-*

*Cruikshank Co. v. Bank of Montreal,* 615 N.E.2d 985, 987 (N.Y. 1993) (breach of

contract limitations period "begins to run from the time when liability for wrong has

arisen even though the injured party may be ignorant of the existence of the wrong or

injury" (citations and internal quotation marks omitted)).  Plaintiff alleges that "Berdon

and Mitnick breached their business management contract with plaintiff by permitting

Lewis and Entertainment to divert plaintiff's income into their accounts and by failing to

advise plaintiff of this fact." (Am. Compl. ¶ 43.)  To the extent contractual terms actually

govern the receipt and transfer of plaintiff's income, such that transfers to Lewis and his

company breached those terms, then such breaches would be subject to a six-year

limitations period.  However, only breaches (that is, transfers in contravention of

contractual terms) occurring within six years from the date this lawsuit was filed, or after

January 28, 1999, are within the limitations period.[2]

More problematic is plaintiff's failure to attach the contract between the parties or

otherwise specify any of its terms and the way in which Mitnick breached those terms.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."  Even

---

[2] The New York Court of Appeals has declined to extend the limitations period for breach of contract claims where plaintiff was ignorant of the injury. *See Ely-Cruikshank Co.,* 615 N.E.2d at 988 (refusing to extend "highly exceptional discovery notion to general breach of contract actions").  Thus, plaintiff may only recover for breaches occurring within six years of the filing of the complaint. Nor is this result overly harsh, as by plaintiff's own estimation, he waited almost five years from discovering the injury before bringing this complaint, far beyond the two-year discovery extension the Court might apply pursuant to N.Y. C.P.L.R. § 203(f). *See Glynwill Invs.,* 1995 WL 362500, at *4 (applying two-year limitations period accruing from date of discovery to breach of contract claim and barring claim as untimely).

13

under this liberal pleading standard, "plaintiff must disclose sufficient information to

permit the defendant 'to have a fair understanding of what the plaintiff is complaining

about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230

F.3d 531, 541 (2d Cir. 2000) (citing *Ricciuti v. New York City Transit Auth.*, 941 F.2d

119, 123 (2d Cir. 1991)). This requires allegations of, "[a]t a minimum, the terms of the

contract, each element of the alleged breach and the resultant damages." *Kaplan v. Aspen*

*Knolls Corp.*, 290 F. Supp. 2d 335, 337 (E.D.N.Y. 2003). Plaintiff entirely fails to

specify whether he is alleging a breach of explicit contractual provisions, and if so, what

those provisions might say. Therefore, the Court dismisses without prejudice plaintiff's

contract claim as insufficiently pled. Plaintiff is granted leave to amend the complaint, if

he is able to do so, to properly allege the explicit terms of any contract upon which he

wishes to base a breach of contract claim. If, instead, plaintiff is attempting to imply a

contractual term disallowing transfers in violation of an alleged fiduciary duty, this claim

is properly categorized as a breach of fiduciary claim seeking monetary relief, and will be

discussed below.

## 5.     **Breach of Fiduciary Duty (Claim III)**

New York law does not provide a single statute of limitations period for a breach

of fiduciary duty claim. Instead, the applicable limitations period depends upon the

substantive remedy sought. *Loengard v. Santa Fe Indus., Inc.*, 514 N.E.2d 113, 115

(N.Y. 1987). A shorter three-year limitations period applies where monetary relief is

sought; a longer six-year limitations period applies where the relief sought is equitable in

nature. *Carlingford Center Point Assocs. v. MR Realty Assocs., L.P.*, 772 N.Y.S.2d 273,

274 (N.Y. App. Div. 2004). If time began to accrue at the latest in early 2000, then a

14

claim under the shorter limitations period would be time-barred while a claim under the longer period would be timely, at least in part. Plaintiff's claim for breach of fiduciary duty seeks compensatory damages for Mitnick's failure to tell him that his income was being diverted in violation of Mitnick's fiduciary duty. No equitable relief is being sought. Thus, Claim III would ordinarily be governed by the shorter limitations period and be time-barred. Likewise, plaintiff's claim for damages based on allegedly excessive fees charged in violation of Mitnick's fiduciary duty would also be time-barred. *See Merine ex rel. Prudential-Bache Util. Fund v. Prudential-Bache Util. Fund*, 859 F. Supp. 715, 725 (S.D.N.Y. 1994) (plaintiff's claim to recover for excessive fees based on breach of fiduciary duty governed by three-year limitations period).

However, the shorter limitations period applicable to claims for legal relief is subject to exceptions. A breach of fiduciary cause of action based on actual fraud or a breach of contract, even seeking monetary damages, is governed by a longer six-year limitations period. *See Kaufman v. Cohen*, 760 N.Y.S.2d 157, 164 (N.Y. App. Div. 2003) ("[A] cause of action for breach of fiduciary duty based on allegations of actual fraud is subject to a six-year limitations period."); *Kaszirer v. Kaszirer*, 730 N.Y.S.2d 87, 88 (N.Y. App. Div. 2001) (where breach of fiduciary duty cause of action "does not allege fraud or breach of any particular [contractual] provision, . . . [it is] properly held to be subject to a three-year, not a six-year, limitations period."). The applicability of the longer limitations period depends on the viability of these other allegations (set out as distinct causes of action in plaintiff's Amended Complaint), which the Court addressed above. *See, e.g., Kaufman*, 760 N.Y.S.2d at 165 (looking to viability of fraud claim in determining which limitations period applies). Thus, should plaintiff successfully amend

15

his complaint to assert viable fraud and contract claims, he may thereby be able to assert breach of fiduciary duty claims that are subject to a six-year limitations period. At present, however, plaintiff's breach of fiduciary duty claim is subject to a three-year limitations period and shall be dismissed.

## 6.   Unjust Enrichment (Claim IV)

A claim of unjust enrichment is governed by a six-year statute of limitations under New York's residual limitations period statute. *See* N.Y. C.P.L.R. § 213(1); *Elliott v Qwest Communications Corp.*, 808 N.Y.S.2d 443, 445 (N.Y. App. Div. 2006); *Chanler v Roberts*, 713 N.Y.S.2d 681, 681 (N.Y. App. Div. 2000). However, if the unjust enrichment claim is merely incidental to or duplicative of another claim with a shorter limitations period, the Court will not allow a plaintiff to avail himself of the longer limitations period. *See, e.g.*, *Spinale*, 765 N.Y.S.2d at 786. Under New York state law, the basic elements of an unjust enrichment claim are: "1) defendant was enriched; 2) such enrichment was at the expense of the plaintiff; and 3) the circumstances were such that in equity and good conscience the defendant should make restitution." *Chase Manhattan Bank v. Banque Intra, S.A.*, 274 F. Supp 496, 499 (S.D.N.Y. 1967) (citing *Miller v. Schloss*, 113 N.E. 337 (N.Y. 1916)). Plaintiff's Amended Complaint states only that "[d]efendants have been unjustly enriched at plaintiff's expense," and fails to distinguish between the defendants. (Am. Compl. ¶ 35.) Plaintiff may not recover from Mitnick the money diverted to Lewis under a theory of unjust enrichment, as Mitnick was not unjustly enriched by those transfers. The only other potential claim apparent from the Amended Complaint is that Mitnick was unjustly enriched by paying himself excessive fees from plaintiff's income. Because Mitnick was able to do so solely on account of his

16

fiduciary relationship with plaintiff, through which he was able to control plaintiff's income, the claim is, in essence, for damages based on a breach of fiduciary duty. As stated above, the present claim for breach of fiduciary duty seeks monetary damages for excessive fees, is not premised on a well-pled fraud or contract claim, and, therefore, is subject to a three-year limitations period. *See Merine ex rel. Prudential-Bache Util. Fund*, 859 F. Supp. at 725. If, instead, plaintiff's assertion that Mitnick was paid excessive fees is based on explicit (but unalleged) contractual language, then the unjust enrichment claim must be dismissed as duplicative of a breach of contract claim, under which plaintiff would be required to proceed. *See Goldner v. Possilico*, 776 N.Y.S.2d 818, 820 (N.Y. App. Div. 2004) (dismissing claim to recover damages for unjust enrichment where it was duplicative of breach of contract claim). Therefore, plaintiff fails to state a non-duplicative and timely cause of action for unjust enrichment.

## 7.   **Equitable Relief**

### a.   *Accounting (Claim V)*

Plaintiff seeks two equitable remedies for which he may be entitled to a six-year limitations period: an accounting and the imposition of a constructive trust. Defendant argues that an accounting is governed by the three-year limitations period where its only purpose is to calculate damages and it is not authorized by statute. *See Carlingford Ctr. Point Assocs*, 772 N.Y.S.2d at 275 ("Since plaintiffs primarily seek damages, and pursue an accounting merely to determine the amount of such damages, the motion court properly applied the shorter, three-year limitations period, which bars plaintiffs' breach of fiduciary duty claims."). First, plaintiff has an understandable interest in accounting for "all sums of money which came into [Mitnick's] possession or were disbursed by

17

[him] during the course of the relationship" that extends beyond a calculation of potential damages against Mitnick. (Am. Compl. ¶ 39.) Second, the Court finds the more important inquiry not to focus on the purpose of the accounting, but instead on whether plaintiff has properly alleged facts entitling him to an accounting. *See Bouley v. Bouley*, 797 N.Y.S.2d 221, 223 (N.Y. App. Div. 2005) (holding that while a six-year limitations period applies to a breach of fiduciary duty claim seeking an accounting, plaintiff had not adequately alleged entitlement to that equitable remedy); *Yandel v. Loeb & Troper*, 443 N.Y.S.2d 959, 960 (N.Y. App. Div. 1981) (same). "The basis for an equitable action for accounting is the existence of a fiduciary or trust relationship respecting the subject matter of the controversy. . . . The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the defendant is bound to reveal his dealings." *Stevens v. St. Joseph's Hospital*, 381 N.Y.S.2d 927, 928-929 (N.Y. App. Div. 1976) (citations omitted). Plaintiff properly alleges the existence of a fiduciary relationship regarding management of his finances and that he entrusted Mitnick with his money, thus entitling him to an accounting. Therefore, the Court holds that plaintiffs claim for an accounting is governed by the six-year limitations period and is timely.

### b. *Constructive Trust (Claim VII)*

Whether plaintiff is entitled to a constructive trust subject to a six-year limitations period likewise depends on whether and to what extent plaintiff can properly allege the elements of that claim. *See Pate v. Pate*, 791 N.Y.S.2d 849 (N.Y. App. Div. 2005) (cause of action to impose a constructive trust governed by the six-year statute of limitations beginning to run upon occurrence of wrongful act, but subject to equitable tolling);

18

*Mazzone v. Mazzone*, 703 N.Y.S.2d 282, 283 (N.Y. App. Div. 2000). Under New York
law, a party claiming entitlement to a constructive trust must ordinarily establish: "(1) a
confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4)
unjust enrichment." *Sharp v. Kosmalski*, 351 N.E.2d 721, 723 (N.Y. 1976). However, as
an equitable remedy, imposition of a constructive trust is "not rigidly limited" to these
factors. *Simonds v. Simonds*, 380 N.E.2d 189, 194 (N.Y. 1978). A constructive trust is
imposed on sums transferred to a fiduciary in reliance on a promise by which he or she is
unjustly enriched. Therefore, plaintiff is not entitled to a constructive trust imposed on
Mitnick for sums transferred to Lewis, as the sums were not transferred to Mitnick and he
was not unjustly enriched thereby. (*See* Am. Compl. ¶ 50.)

However, plaintiff may be entitled to a constructive trust over the funds paid to
Mitnick in excess of reasonable fees under a business management relationship. While
plaintiff himself did not transfer funds to Mitnick in reliance on a promise, Mitnick
allegedly enriched himself by paying his firm excess fees without plaintiff's knowledge
and in violation of his fiduciary duty.[3] These allegations are sufficient to state a cause of
action for a constructive trust over these funds, and such a claim is subject to a six-year
limitations period and timely. *See Beatty v. Guggenheim Exploration Co.*, 122 N.E. 378,
380 (N.Y. 1919) (Cardozo, J.) ("A constructive trust is the formula through which the
conscience of equity finds expression. When property has been acquired in such

---

[3] To the extent plaintiff's claim to recover the allegedly excessive fees paid arises from a contractual
provision, plaintiff has an adequate legal remedy and may not seek to impose a constructive trust over those
excessive fees. *See Bertoni v. Catucci*, 498 N.Y.S.2d 902, 905 (N.Y. App. Div. 1986) ("As an equitable
remedy, a constructive trust should not be imposed unless it is demonstrated that a legal remedy is
inadequate."); *see also Superintendent of Ins. v. Ochs (In re First Cent. Financial Corp.)*, 377 F.3d 209,
215 (2d Cir. 2004); *Evans v. Winston & Strawn*, 757 N.Y.S.2d 532, 534 (2003).

19

circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.").

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [14] is granted in part and denied in part. Plaintiff's claims of fraudulent misrepresentation and concealment are dismissed without prejudice as insufficiently pled under Rule 9(b), with leave to amend to the extent amendment could cure the defect. Plaintiff's contract claim is also dismissed without prejudice as insufficiently pled, with leave to amend, if possible, to specify the terms of the contract and how they were breached by Mitnick. Plaintiff's claims of unlawful appropriation, unjust enrichment, and breach of fiduciary duty seeking monetary damages are dismissed as time-barred or otherwise defective. However, the breach of fiduciary duty claim may be revived to the extent that plaintiff is able to amend his complaint to state an underlying fraud or breach of contract. Plaintiff's claim for an accounting is timely. Plaintiff's claim for a constructive trust is also timely, but is limited to money unjustly received by Mitnick in breach of fiduciary duty.

SO ORDERED.

Dated: New York, New York
March 19, 2007

Richard J. Holwell
United States District Judge

20